JUDGE KAPLAN

3399

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CIPRIANI GROUP, INC., and )
GIUSEPPE CIPRIANI, )
                    Plaintiffs, )
       )
      v. )
       )
CIPRIANI, INC., )
       )
       )
                  Defendant. )
       )

RECEIVED
MAR 30 2005
05 Civ. (    )
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT AND JURY DEMAND**

Plaintiffs Cipriani Group, Inc. ("Cipriani") and Giuseppe Cipriani, by their attorneys, Mintz,

Levin, Cohn, Ferris, Glovsky & Popeo, P.C., for their Complaint against defendant Cipriani, Inc.

("Cipriani Fine Jewelry," "CFJ" or "defendant Cipriani"), allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for trademark infringement, unfair competition, false designation of

origin, and trademark dilution under the Lanham Act, 15 U.S.C. § 1114 *et seq.*; violation of the

Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); trademark infringement and

unfair competition under New York state law; violation of Sections 133 and 360-l the New York

General Business Law; and violations of the New York Civil Rights Law § 51.

2.      This Court has original jurisdiction over plaintiff Cipriani's federal law claims

pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. This Court has supplemental

jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 with respect to plaintiffs Cipriani's and

Giuseppe Cipriani's claims arising under the laws of the State of New York, including those arising

under the New York General Business Law and the Civil Rights Law.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiffs Cipriani's and

Giuseppe Cipriani's claims arise in this district because a substantial part of the events giving rise to

the claims occurred in this district.  Defendant CFJ is doing or has done business within this district with respect to its infringing marks.

4.  This Court has personal jurisdiction over defendant CFJ because it is present in this district, operates one or more stores here, engages in substantial business within this district and sells its goods and services under its infringing marks in this district.

## THE PARTIES

5.  Plaintiff Cipriani Group, Inc. is a corporation organized and existing under the laws of New York, having its principal place of business at 110 East 42nd Street, New York, New York 10017.  Plaintiff Giuseppe Cipriani is an individual residing in New York, New York, having his principal place of business at 110 East 42nd Street, New York, New York 10017.

6.  Upon information and belief, defendant Cipriani Inc. ("CFJ") is a New York corporation with its principal place of business at 1023A Third Avenue, New York, New York, 10021.  Defendant CFJ operates its stores at 1023A and 1010 Third Avenue, New York, New York, 10021.  Upon information and belief, Jeri Cohen, who is not related in any way with the Cipriani family or Plaintiff Cipriani, is a principal of defendant CFJ.

## THE CIPRIANI FAMILY OF TRADEMARKS ARE WELL-KNOWN AND FAMOUS AND HAVE ACQUIRED SECONDARY MEANING

7.  Plaintiff Cipriani first started its business in 1931 when Giuseppe Cipriani Sr. opened Harry's Bar in Venice, Italy.  He named the bar Harry's Bar because he was able to open it after a wealthy American customer, Harry Pickering, borrowed money to get back to the United States, and repaid the loan with 400 percent interest just to show his gratitude.  Giuseppe Cipriani Sr. soon had a son, who he named Arrigo which means Harry in Italian.  The design of Harry's Bar was nautical, like Venice, with deco furniture built in proportion to the small room.  Harry's Bar quickly became a landmark, known for elegant service and signature items on the menu, named after Venetian masters, like carpaccio -- ruby red slices of raw beef, and bellini, a peach nectar cocktail.  After World War II,

2

Harry's Bar became a home away from home for jetsetters from around the world: Noel Coward, Charlie Chaplin, Queen Elizabeth II of England and the Duke of Edinburgh, Truman Capote, Orson Welles, the Aga Khan, George Braque, Peggy Guggenheim, Chilean billionaire Lopez, Aristotle Onassis, and Harry's most frequent and celebrated guest, Ernest Hemingway, for whom Giuseppe Cipriani Sr. invented a special martini, named the Montgomery.

8.    In 1985, Plaintiff Cipriani under the direction of Arrigo Cipriani opened Harry Cipriani Fifth Avenue in a very exclusive location:  the high-profile Sherry-Netherland Hotel on 5th Avenue.  Harry Cipriani Fifth Avenue has attracted thousands of upscale regulars as did Harry's Bar in Venice, Italy.  Plaintiff Cipriani quickly expanded its business in New York by adding several locations, including opening Cipriani Downtown™ at 376 West Broadway in 1996; Cipriani Dolci®, West Balcony, Grand Central Terminal in 2002; Cipriani 42ND Street™, 110 East 42nd Street in 1998; Cipriani Sutton™, 313 East 58th Street in 2002; Cipriani 23RD Street, 200 Fifth Avenue in 2004; and taking over the Rockefeller Center Club™ and the Rainbow Room™, both at 30 Rockefeller Plaza in 1998, and opening a gourmet food store Cipriani Le Specialita™, 110 East 42nd Street, New York, New York 10017, in 2001.  Copies of advertisements illustrating the interiors of Cipriani locations are attached as Exhibit A.

9.    Plaintiff Cipriani continues to attract and serve high society and celebrity clientele. In 1998 and 2004, plaintiff Cipriani catered birthday parties for a celebrity rap musician Sean "P. Diddy" Combs.  These birthday parties catered by plaintiff Cipriani received wide media attention with stories and photographs appearing in the New York Times, New York Post, New York Daily News, The Wall Street Journal, US Weekly, Rolling Stone, USA Today, People Magazine and STAR Magazine.  The party invitation for the 2004 "Royal Birthday Bash" suggested that guests wear luxury fashion and jewelry from the following designers: Oscar De La Renta, Dolce and Gabanna, Versace, Gautlier, Givenchy, Bulgari and Tiffany. The celebrity guests included Mariah Carey, Bruce Willis, Donatella Versace, Jacob the Jeweler, Paris Hilton, Naomi Campbell, Tommy Hilfiger,

3

Sarah Jessica Parker, Chris Rock, Stevie Wonder, Tony Danza, Janet Jackson, Jay-Z, Usher, and Anna Wintour. Copies of selected news articles about the 2004 "Royal Birthday Bash" are attached as Exhibit B.

10.     Starting in 1998, plaintiff Cipriani has been organizing "The Cipriani Concert Series." The formula for success of the monthly series included superb Cipriani cuisine, fine wines selected from the Cipriani Cellar, and an intimate performance for a gathering of only 20 tables of the most successful musical artists in the world. The performers included Aretha Franklin, Rod Stewart, Diana Ross, Whitney Houston, Tony Bennett, Barry Manilow, and Natalie Cole. The series received extensive media coverage. These dinner concert series continue to this day with Rod Stewart, Sheryl Crow, Lionel Richie, Alicia Keys, Marc Anthony, and Stevie Wonder performing in this year's series. Plaintiff Cipriani pledged to donate its net profit from the 2005 series to a non-profit community organization, Wall Street Rising, which supports re-development of lower Manhattan.

11.     Plaintiff Cipriani has enjoyed the patronage of luminaries such as the Honorable Mayor Michael Bloomberg, Donald Trump, Ronald Perelman, Bianca Jagger, Sting, Woody Allen, Honorable Governor George Pataki, Honorable President William Clinton and Honorable Senator Hillary Clinton, Honorable Mayor Rudolph Giuliani, and President and CEO of Rolex SA Patrick Heineger. Some of the celebrities that have held events at plaintiff Cipriani locations include: designers Marc Jacobs and Kate Spade, the Rockefeller Family, Donald Trump, Honorable Senators Frank Lautenberg and John Kerry, The New York Jets, music celebrity Usher, Fashion Council evening which honored Giorgio Armani and was attended by Heidi Klum, Lil Kim, Usher, Liza Minelli, Kate Hudson, Stella McCartney, Gretchen Mol and Marc Jacobs; and designer Marc Bouwer's runway show during Fashion Week 2005.

4

12.     Plaintiff Cipriani has been and is promoting and advertising its restaurant and catering business marketed under the Harry Cipriani®, Cipriani Wall Street®, Cipriani Fifth Avenue™, Cipriani Downtown™, Cipriani Sutton™, Cipriani Dolci™, Cipriani 42ND STREET™, and Cipriani 23RD STREET™ trademarks.  (All of the above Cipriani marks together with Cipriani Bellini Base™, Cipriani Food® and Cipriani Fashion® are collectively referred to herein as the "Cipriani Family of Trademarks").  Plaintiff Cipriani has devoted substantial time, effort, and money to create, market and sell goods and services under the Cipriani Family of Trademarks.  Plaintiff Cipriani is frequently featured in such upscale media outlets as the New York Times and CNN, and advertises in Gotham, Locations, Where, and TimeOut New York magazines, and on radio programs, including WABC.

13.     Plaintiff Cipriani has derived substantial revenues from its restaurant and catering business marketed under the Cipriani Family of Trademarks.  This revenue and the success of plaintiff Cipriani is due to the goodwill and fame fostered by the style, luxury, reputation, and image that plaintiff Cipriani has developed and maintains in its goods and services offered and provided under the Cipriani Family of Trademarks.  The high society events organized and catered by plaintiff Cipriani are famous for their elegance, impeccable style and good taste in food, décor, and entertainment.  International businesspeople, movie, music and sports stars, super models, nobility, and other distinguished personages make it a point to patronize and be observed at locations bearing the Cipriani Family of Trademarks.

14.     Having catered to the upscale world-wide clientele of celebrities and wealthy business people for over 65 years in its bars and restaurants, plaintiff Cipriani extended its brand to offer luxury goods to its exclusive clientele.  For many years, plaintiff Cipriani has been and is offering for sale "upscale" fashion items such as headwear and linen aprons and tablecloth.  Plaintiff

5

Cipriani imports, promotes, offers for sale and sells fashion items under its Cipriani Fashion® trademark.

15.     For many years, plaintiff Cipriani has been and is importing, distributing, promoting, offering for sale and selling food items, such as pasta, olive oil, drink concentrates, wine, deserts, etc. at its café and gourmet food store Cipriani Le Specialita™, 110 East 42nd Street, New York, New York 10017, under the Cipriani Family of Trademarks including Cipriani Food® and Cipriani Bellini Base™. In addition, plaintiff Cipriani distributes its foodstuffs through independent gourmet food distributors such as Dean & Deluca, Balducci's and Williams Sonoma.

16.     Plaintiff Cipriani's food and apparel operations received and continue to receive wide press attention. They were featured in the articles in the New York Times, Gourmet Magazine, Bon Appetit Magazine, and New York Magazine.

17.     Plaintiff Cipriani undertakes to protect the goodwill and luxury image its celebrity and wealthy clientele associate with the businesses operated under the Cipriani Family of Trademarks.  Plaintiff Cipriani is the owner, inter alia, of the following United States trademark registrations, registered on the Principal and Supplemental Registers of the United States Patent and Trademark Office for a wide variety of goods and services, including restaurant and bar business, fashion and apparel:

| Mark | U.S. Reg. No. | Class |
|---|---|---|
| Cipriani Food® | 2297069 | 29, 30, 33 |
| Cipriani Wall Street® | 2844146 | 42 |
| Cipriani Dolci® | 2598197 | 42 |
| Harry Cipriani® | 2330449 | 42 |
| Harry Cipriani® | 2195310 | 25 |
| Cipriani Fashion® | 2284169 | 18 |
| Cipriani Fashion® | 2284167 | 25 |
| Cipriani Fashion® | 2284166 | 003 |

True copies of the cited registrations from the United States Patent and Trademark Office TESS database are attached as Exhibit C.

18.     On or about May 1996, plaintiff Cipriani registered a domain name www.cipriani.com to promote its businesses under the Cipriani Family of Trademarks.  On the website, plaintiff Cipriani offers its goods and services under the Cipriani Family of Trademarks. The design of the website has the same stamp of elegance and luxury consistent with the design and style of the Cipriani restaurants, catering halls, and other "brick-and-mortar" establishments.  The website has become very popular.  Through these activities by plaintiff Cipriani, its domain name www.cipriani.com has acquired secondary meaning because it uniquely identifies its goods and services.  It has become another trademark in the Cipriani Family of Trademarks.

19.     Since its opening of Harry Cipriani Fifth Avenue restaurant, plaintiff Cipriani has continued its worldwide reputation for quality and style in restaurant and bar services, fashion apparel, and food products, and established it in the United States and in New York in particular. The Cipriani Family of Trademarks has been featured in connection with plaintiff Cipriani restaurant services in the United States for over two decades.

20.     Plaintiff Cipriani has invested millions of dollars and over six decades of time and effort to create strong market and consumer recognition of the Cipriani Family of Trademarks throughout the world.  Through the advertising, promotion and sales of exclusive plaintiff Cipriani restaurant services, food items, apparel and fashion accessory designs, unsolicited media acclaim, and diligent protection, the Cipriani Family of Trademarks have become well-known and famous symbols of luxury and style.  The public has come to expect a high level of distinction and style from any business which bears the "Cipriani" mark, the centerpiece and the common element of the Cipriani Family of Trademarks.  The public associates any goods or services marketed under the combination of the mark "Cipriani" with another term, such as Cipriani Fashion® or Cipriani 42ND Street™, or the mark "Cipriani" by itself, to originate with, be sponsored by, or licensed by the

7

Cipriani family through plaintiff Cipriani. The Cipriani Family of Trademarks has attained

secondary meaning indicative of origin with plaintiff Cipriani and has become a business asset of

immense value to plaintiff Cipriani.

       21.      The association between luxury and style of plaintiff Cipriani and fine jewelry is

long-standing. Plaintiff Cipriani's goods and services provided under the Cipriani Family of

Trademarks are well-known and famous in the jewelry trade and among upscale jewelry consumers.

Plaintiff Cipriani has sponsored and promoted luxury, stylish, and innovative jewelry at its events.

Plaintiff Cipriani has selected deGrisogono of Geneve, Switzerland, a luxury jewelry designer of

more than 30 years, meeting plaintiff Cipriani's high standards, to display and present jewelry

approved by plaintiff Cipriani at the 2005 dinner concert series. In addition, Plaintiff Cipriani has

been selected for the last three years by Jewelers of America, Inc.-Jewelry Information Center, a

trade group, to cater one of the most important and prestigious events in the jewelry trade -- the Gem

Awards. The tables at the 2005 Gem Awards gala were attended by representatives of, among

others, Tiffany, Bulgari, Tourneau, New York Times, Condé, Mikimoto, Gucci, Forbes, Viacom and

Richemont. The 2005 Gem Awards gala was held at Cipriani 42nd Street™ and was personally

attended by, among others, David Yurman, Cartier President and CEO Stanislas de Quercize, LVMH

Watch & Jewelry President and CEO Daniel Lalonde, Corum President Stacie Orloff, Rolex

President and CEO Walter Fisher, Fortunoff Fine Jewelry and Silverware President Helene

Fortunoff, designers Temple St. Clair and Erica Courtney, actress Aida Turturro, and Faraone

Mennella designers Roberto Faraone Mennella and Amedeo Scognamiglio. This year's Lifetime

Achievement Award was bestowed at this event upon Herbert M. Bridge and Robert L. Bridge, co-

chairmen of Ben Bridge Jeweler in Seattle. Roberta Myers, Elle magazine's editor-in-chief, received

the Consumer Media Award, and Hal Rubenstein, In Style's fashion director, received the Excellence

in Style Award. The prior years' Gem Awards were attended, most notably, by the former U.S. Secretary of State Madeleine Albright, and were entertained by Art Garfunkel.

22.     Plaintiff Cipriani has immediate plans to expand its luxury and exclusive product line to include fine jewelry. Plaintiff Cipriani has entered into discussions with designers to implement Cipriani designs for certain categories of jewelry.   Plaintiff Cipriani has applied for a federal registration for a trademark Cipriani for goods, including jewelry.

## DEFENDANT CFJ'S UNLAWFUL ACTS OF WILLFUL INFRINGEMENT OF THE CIPRIANI FAMILY OF TRADEMARKS

23.     Upon information and belief, at all times relevant hereto, defendant Cipriani had knowledge of plaintiff Cipriani's ownership of the Cipriani Family of Trademarks, including its exclusive right to use the Cipriani Family of Trademarks and its ownership of the goodwill associated therewith.

24.     Plaintiff Cipriani has recently discovered that defendant Cipriani has imported, advertised and sold, or has caused to be imported, advertised and sold jewelry under the marks: "Cipriani Fine Jewelry," "Cipriani Jewelry," "Cipriani," "Cipriani Fine Jewelry by Jeri Cohen", and www.ciprianijewelry.com, none of which is federally registered (the "Infringing Marks") which are confusingly similar to the Cipriani Family of Trademarks.  (The products and services promoted by defendant CFJ under the Infringing Marks are referred to as "Infringing Goods and Services.") Copies of advertising of the Infringing Goods and Services are attached as Exhibit D.

25.     Defendant CFJ's marks are identical to the Cipriani Family of Trademarks differing only in the capitalization of the word "Cipriani." The Cipriani Family of Trademarks employs an all caps "CIPRIANI." Defendant CFJ capitalizes only letter "C" in "Cipriani."  However, when the Infringing Marks are presented in advertisement, the look and feel of them is virtually indistinguishable from the Cipriani Family of Trademarks.

26.     Despite sometimes employing a phrase "Fine Jewelry by Jeri Cohen," defendant CFJ makes its intent to cause confusion as to the source of its goods clear by extensively using "Cipriani Fine Jewelry," "Cipriani Jewelry," and "Cipriani" in its promotional materials and on its website by themselves.  Even when the clarifying phrase is used, it is presented in much smaller font size and in a handwriting style underneath the mark "Cipriani," which is prominently featured at the top and in much larger print to make it more prominent.  This clarifying phrase does not negate or diminish the likelihood of confusion or actual confusion of the public that there is some connection, authorization, association or sponsorship between the Infringing Goods and Services of defendant CFJ and plaintiff Cipriani.  Copies of recent advertisements by defendant CFJ in the New York Times are attached as Exhibit E.

27.     In addition to offering its Infringing Goods and Services from physical retail stores, defendant CFJ offers them in cyberspace. Upon information and belief, on or about March 2002, defendant CFJ registered a domain name www.ciprianijewelry.com with Network Solutions, LLC. From the website accessible through the domain name www.ciprianijewelry.com defendant CFJ offers Infringing Goods and Services.

28.     Defendant CFJ uses words that are identical or confusingly similar to the Cipriani Family of Trademarks on its website as meta-tags,  which indicate to the Internet search engines the subject of a website, to mislead consumers into thinking that they are looking at a website authorized or endorsed by plaintiff Cipriani and that the Infringing Goods and Services originate from plaintiff Cipriani.  Such deceptive meta-tags deceptively used by defendant CFJ include "cipriani," "cipriani jewelry," Ciprinai Fine Jewelry," and "Cipriani."

29.     Upon information and belief, Defendant CFJ obtained and operates a mnemonic telephone number (212) CIPRIANI which has been and is misleading consumers into thinking that by calling this number they reached plaintiff Cipriani.  A message on the answering machine at that telephone number identifies the call recipient as "Cipriani Jewelry."

30.     Upon information and belief, recently defendant CFJ opened a mid-town Manhattan luxurious jewelry store under the mark "Cipriani" which caters to the same upscale and exclusive clientele plaintiff Cipriani serves under the Cipriani Family of Trademarks.  In the "Behind Cipriani is a Rare Treasure - Meet Jeri Cohen" article on the www.ciprianijewelry.com website, defendant CFJ confirmed that it has only been a year or two ago since the luxury boutique was opened:

> "But it hasn't always been that easy.  In fact, it wasn't until this past year that her [Jeri Cohen's] passion for the business really paid off.  Her boutique expanded into a new location at 1023A Third Avenue.  With its striking new interiors and plush cases overflowing with sparkling treasures, Cipriani's latest addition is sure to stop traffic and attract newcomers."

("Behind Cipriani is a Rare Treasure - Meet Jeri Cohen", at 1-2, attached as Exhibit F.) Defendant CFJ did not stop after opening its "luxurious boutique in midtown just two years ago and has already expanded into a new location." ("Inside Cipriani's Treasure Chest" at 1, attached as Exhibit G.)

31.     Defendant CFJ attempts to create the same luxurious and stylish atmosphere as the upscale clientele of plaintiff Cipriani have come to associate with the Cipriani Family of Trademarks. In fact, defendant Cipriani advertises that "Cipriani Fine Jewelry is available for celebrity wear and special events."  The frequently asked questions section of the website adds:

> Q:     Does Cipriani loan jewelry for celebrity wear and special events?
>
> A:     Of course! We welcome stylists and fashion editors to use Cipriani fine jewelry to compliment their clients and their fashion features.

("Frequently Asked Questions," at 1, attached as Exhibit H.)  Those would be the same category of upscale events that plaintiff Cipriani is likely to organize and cater under the Cipriani Family of Trademarks at one of its nearby locations.  In the "Inside Cipriani's Treasure Chest" article on the www.ciprianijewelry.com website, defendant CFJ demonstrates its intentional infringement of the Cipriani Family of Trademarks:

> Over the past 22 years, Cipriani Fine Jewelry has been serving its upscale clientele with the [sic] only the best stones and unique settings the market has to offer. . . .  The jewels found at Cipriani simply cannot be compared. . . . Cipriani Fine Jewelry collections feature diamond earrings, necklaces, rings, pendants and watches sure to make anyone feel elegant.  Whether you're looking for a trendy everyday piece or a stunning evening set, Cipriani has what people in Manhattan are looking for.

(Exhibit G, at 1.)

32.      Upon information and belief, at its website www.ciprianijewelry.com, defendant CFJ offers for sale, inter alia, $16,000 diamond earrings, $58,000 diamond engagement rings, $50,000 diamond bracelets, $34,000 diamond necklaces, $5,500 diamond brooches.  In the words of one of the articles on the www.ciprianijewelry.com website, "Cipriani's fine jewelry collections - all imported from Italy - include hand picked pieces ranging from traditional to modern to trend-setting styles."  (Exhibit F, at 1.)  In the frequently asked questions section of the website, defendant CFJ elaborates:

> Q.      Where does Cipriani find the unique jewels?
>
> A:      All of Cipriani's designs are hand picked pieces and imported from Italy's finest designers.  The jewelry is of the finest quality and can be customized to fit your needs.

(Exhibit H, at 1.)  These are the expensive pieces of jewelry in a range a high society consumer would expect plaintiff Cipriani to offer under the Cipriani Family of Trademarks.

33.      Upon information and belief, since recently opening its midtown stores, defendant Cipriani has been advertising in the upscale publications such as Avenue, Glamour, Gotham, New York Magazine, New York Times, Promenade, Quest, and Town&Country.  Sometimes, defendant CFJ advertises in the same Sunday New York Times which features photographs and articles about gala events held at plaintiff Cipriani's establishments, which results in heightened likelihood of confusion.

12

34.    Defendant CFJ's use of the Cipriani Family of Trademarks, including its importation from Italy, advertising, sale and offering for sale of its Infringing Goods and Services, is without plaintiffs Cipriani's and Giuseppe Cipriani's consent or authorization.

35.    The Cipriani Family of Trademarks have never been assigned or licensed to defendant CFJ.

## INJURY TO PLAINTIFFS CIPRIANI AND GIUSEPPE CIPRIANI

36.    Defendant CFJ was and is knowingly importing from Italy, advertising, selling and offering for sale substantial quantities of its Infringing Goods and Services with the knowledge that such goods and services have been and will be mistaken or confused with genuine goods and services offered for sale, sponsored, approved, or designed by plaintiff Cipriani, featuring the Cipriani Family of Trademarks.  The effect of defendant CFJ's actions has been and will continue to be to confuse consumers into believing that defendant CFJ's Infringing Goods and Services are connected with, affiliated, sponsored, associated with, or originate from plaintiff Cipriani.

37.    Defendant CFJ has been and is engaging in the above-described unlawful activities knowingly and intentionally or with reckless disregard for or willful blindness to plaintiff Cipriani's rights for the purpose of trading on the goodwill and reputation of plaintiff Cipriani.  In fact, Jeri Cohen, the principal of defendant CFJ, has acknowledged and boasted that defendant CFJ receives a significant number of telephone calls from deceived members of the public interested in making restaurant reservations at one of the plaintiff Cipriani's restaurants marketed under the Cipriani Family of Trademarks.  If defendant CFJ's infringing activities are not preliminarily and permanently enjoined by this Court, plaintiff Cipriani and the consuming public will continue to be damaged, and plaintiff Cipriani will continue to suffer irreparable harm and injury.

38.    Plaintiffs Cipriani and Giuseppe Cipriani have no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

39.     Plaintiff Cipriani hereby repeats and realleges the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40.     Defendant CFJ's above-described unlawful actions are likely to cause and are causing confusion, mistake and deception among the general consuming public and trade as to the origin of defendant CFJ's Infringing Goods and Services.

41.     Defendant CFJ's above-described unlawful actions have been committed with the intent to cause confusion, to cause mistake, to deceive and to unlawfully trade on the goodwill that plaintiff Cipriani has built for the Cipriani Family of Trademarks and the Cipriani Fashion® trademark.

42.     Defendant CFJ's above-described unlawful actions constitute infringement of the Cipriani Family of Trademarks and the Cipriani Fashion® trademark in violation of plaintiff Cipriani's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and such infringement has been willful.

43.     As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

44.     Plaintiff Cipriani hereby repeats and realleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant CFJ has used false designations of origin and false descriptions and representations in connection with its sale of Infringing Goods and Services, including the Infringing Marks which tend to falsely describe or represent such goods, which are likely to cause confusion

14

among the general public and in the trade as to the origin and sponsorship of defendant CFJ's

Infringing Goods and Services.

46.    Defendant CFJ's infringing and unlawful actions violate Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a).

47.    As a direct and proximate result of the willful actions, conduct, and practices of

Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

**THIRD CLAIM FOR RELIEF**
**FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)(1))**

48.    Plaintiff Cipriani hereby repeats and realleges the allegations set forth in paragraphs 1

through 47 as if fully set forth herein.

49.    Prior to defendant CFJ's opening of its stores, the Cipriani Family of Trademarks of

plaintiff Cipriani had become famous and well-known throughout the United States, and are uniquely

and exclusively associated with plaintiff Cipriani.

50.    Defendant CFJ's above-described unlawful activities have caused and continue to

cause actual dilution of the distinctive quality of the Cipriani Family of Trademarks and have

disparaged, damaged, blurred and lessened the capacity of the Cipriani Family of Trademarks to

identify and distinguish plaintiff Cipriani's goods and services in violation of 15 U.S.C. § 1125(d).

51.    As a direct and proximate result of the willful actions, conduct, and practices of

Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE ANTICYBERSQUATTING**
**CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**

52.    Plaintiff Cipriani repeats and realleges the allegations of paragraphs 1 through 51 as

if fully set forth herein.

15

53.     Prior to defendant Cipriani's opening of its stores, Cipriani Family of Trademarks had become well-known, distinctive, and famous throughout the United States,  and is uniquely and exclusively associated with plaintiff Cipriani, and its goods and services.

54.     Upon information and belief, on or about March 2002, defendant Cipriani registered with Network Solutions, LLC, a domain name www.ciprianijewelry.com that is identical and/or confusingly similar to and dilutive of the distinctive and famous Cipriani Family of Trademarks.

55.     Upon information and belief, defendant Cipriani uses a domain name www.ciprianijewelry.com that is identical and/or confusingly similar to and dilutive of the distinctive and famous Cipriani Family of Trademarks.

56.     Upon information and belief, defendant Cipriani had a bad faith intent to profit from registering, trafficking in, and using a domain name www.ciprianijewelry.com that is identical and/or confusingly similar to and dilutive of the distinctive and famous Cipriani Family of Trademarks.

57.     Upon information and belief, defendant Cipriani had a bad faith intent to profit from registering, trafficking in, and using a domain name www.ciprianijewelry.com that is identical and/or confusingly similar to a personal name Cipriani which is protected as a trademark under 35 U.S.C. § 1125.

58.     Defendant Cipriani's unlawful actions violate 15 U.S.C. § 1125(d).

59.     As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

### FIFTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

60.     Plaintiff Cipriani repeats and realleges the allegations of paragraphs 1 through 59 as if fully set forth herein.

61.     Defendant CFJ's unlawful conduct described above, has been and continues to violate and infringe plaintiff Cipriani's common-law trademark rights in and to the Cipriani Family of

Trademarks, and constitutes common-law trademark infringement and misappropriation of goodwill of the distinctive Cipriani Family of Trademarks under New York law.

62. As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

63. Plaintiff Cipriani repeats and realleges the allegations of paragraphs 1 through 62 as if fully set forth herein.

64. Defendant CFJ's above-described unlawful actions constitute unfair competition with plaintiff Cipriani under the common law of the State of New York.

65. As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF SECTION 133 OF THE NEW YORK GENERAL BUSINESS LAW

66. Plaintiffs Cipriani and Giuseppe Cipriani repeat and reallege the allegations of paragraphs 1 through 65 as if fully set forth herein.

67. Defendant CFJ's, with intent to deceive or mislead the public, assumption, adoption, and use as part of its corporate name for advertising, trade, and other purposes of the name Cipriani Inc. has been and is deceiving and misleading the public as to the identity of defendant CFJ and its connection with plaintiffs Cipriani and Giuseppe Cipriani.

68. Defendant CFJ's above-described unlawful conduct violates Section 133 of the New York General Business Law.

69. As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiffs Cipriani and Giuseppe Cipriani have been damaged and will continue to suffer irreparable harm.

## EIGHTH CLAIM FOR RELIEF
## VIOLATION OF SECTION 360-l OF THE NEW YORK GENERAL BUSINESS LAW

70.     Plaintiff Cipriani repeats and realleges the allegations of paragraphs 1 through 69 as if fully set forth herein.

71.     The Cipriani Family of Trademarks are distinctive and have acquired secondary meaning in the marketplace.

72.     Defendant CFJ's above-described unlawful actions constitute trademark dilution of the Cipriani Family of Trademarks in violation of Section 360-l of the New York General Business Law.

73.     As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiff Cipriani has been damaged and will continue to suffer irreparable harm.

## NINTH CLAIM FOR RELIEF
## VIOLATION OF SECTION 51 OF THE NEW YORK CIVIL RIGHTS LAW

74.     Plaintiffs Cipriani and Giuseppe Cipriani repeat and reallege the allegations of paragraphs 1 through 73 as if fully set forth herein.

75.     Upon information and belief, defendant CFJ in its print and Internet advertising for commercial purposes uses the family name Cipriani, which is the name of a famous living individual, Giuseppe Cipriani, without his consent.

76.     Defendant CFJ's unlawful actions violate New York Civil Rights Law § 51.

77.     As a direct and proximate result of the willful actions, conduct, and practices of Defendant CFJ, plaintiffs Cipriani and Giuseppe Cipriani have been damaged and will continue to suffer irreparable harm.

WHEREFORE, plaintiffs Cipriani and Giuseppe Cipriani seek judgment as follows:

A.     Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining defendant CFJ, its officers, agents, servants, employees, and attorneys, and those persons in active concert, participation, or privity with any of them: (l) from using in any way any of the

18

Cipriani Family of Trademarks, "Cipriani" or any designation or design so similar as to be likely to cause confusion, mistake or deception with, or to dilute in any way, the Cipriani Family of Trademarks, including but not limited to "Cipriani", "Cipriani Jewelry", "Cipriani Fine Jewelry," www.ciprianijewelry.com, and other trademarks featured on the Infringing Goods and Services, and (2) from unfairly competing with plaintiff Cipriani in any manner;

      B.      Ordering defendant CFJ to sequester, forfeit and deliver up for destruction all catalogues, advertisements, promotional materials and other Infringing Goods and Services and components thereof bearing the Infringing Marks in its possession, custody, or control, or in the possession, custody or control of any of its agents or representatives;

      C.      Requiring defendant CFJ to compensate plaintiff Cipriani for the actual damages it has sustained from defendant CFJ's infringement and dilution of the Cipriani Family of Trademarks, and from defendant CFJ's unfair competition by virtue of its importation, offering for sale, sales and distribution of the Infringing Goods and Services;

      D.      Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining defendant CFJ, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, from using in any way any colorable imitation of any of the Cipriani Family of Trademarks, or designations confusingly similar thereto or likely to dilute any of their distinctiveness and from unfairly competing with plaintiff Cipriani in any other manner;

      E.      Requiring defendant CFJ to account for and pay over to plaintiff Cipriani all gains, profits and advantages derived by defendant CFJ from its trademark infringement and unfair competition;

      F.      Ordering defendant CFJ to pay as damages for its misconduct alleged herein a sum equal to three times the amount of the actual damages suffered by plaintiff Cipriani or three times the amount of defendant CFJ's wrongful profits;

G.     Ordering defendant CFJ to pay an appropriate amount as punitive damages to deter further willful and wanton misconduct, to prevent future confusion or deception of the public, and to prevent and deter future unfair competition with plaintiff Cipriani;

H.     Ordering defendant CFJ to pay for corrective advertising in each and every publication or medium in which any of the Infringing Goods and Services has been advertised, with those corrective advertisements to be of comparable size, cost and duration to defendant CFJ's advertising;

I.     Awarding plaintiff Cipriani its costs and attorneys' fees, incurred in this action, in part because defendant CFJ's intentional and willful misconduct makes this an "exceptional case;"

J.     Awarding plaintiff Cipriani prejudgment interest;

K.     Ordering defendant CFJ to transfer the domain name www.ciprianijewelry.com to plaintiff Cipriani;

L.     Canceling defendant CFJ's registration for the domain name www.ciprianijewelry.com;

M.     Ordering defendant CFJ to transfer the phone number (212) CIPRIANI to plaintiff Cipriani; and

N.     Granting plaintiffs Cipriani and Giuseppe Cipriani such alternative or additional relief that the Court may deem just and proper or which the interests of justice may suggest or require.

## JURY DEMAND

Plaintiffs Cipriani and Giuseppe Cipriani demand trial by jury of the claims of their allegations in this action.

Dated: March 30, 2005
       New York, New York

.

                              MINTZ, LEVIN, COHN, FERRIS,
                              GLOVSKY AND POPEO, P.C.

                              By:
                                   Marvin S. Gittes (MG 6112)
                                   Richard M. Lehrer (RL 2498)
                                   Timur E. Slonim (TS 0915)
                                   666 Third Avenue
                                   New York, New York 10017
                                   (212) 935-3000

                              *Attorneys for Plaintiffs Cipriani Group, Inc. and*
                              *Giuseppe Cipriani*